THE GOVERNOR OF ILLINOIS, for the use of WILLIAM THOMAS, Trustee,

*v.*

JOSEPH G. BOWMAN.

FORMER DECISIONS.  The case of *The Governor of Illinois, for the use of Thomas,* v. *Lagow,* 43 Ill. 134, must be considered decisive of this, the same points arising in each case.

APPEAL from the Circuit Court of Richland county ; the Hon. AARON SHAW, Judge, presiding.

This was an action of debt, instituted in the court below, by the appellant, against the appellee, Joseph G. Bowman, to recover the amount of a certain decree, rendered against one Ebenezer Z. Ryan, in the Circuit Court of the United States for the northern district of Illinois, for the sum of $45,467.27, and in favor of the bank of the State of Missouri.  Ryan and

certain other persons had been appointed assignees of the Bank of Illinois; and the decree above required him to pay over that amount to William Thomas, as trustee; which sum had been found to be due from said Ryan, as such assignee, on account of assets which had come into his hands. The suit is brought against Bowman, upon the decree against Ryan, as one of his sureties on the bond given for a faithful discharge of his duties as such assignee.

Mr. William Thomas, for the appellant.

Mr. W. H. Underwood, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

Most of the questions presented by this record were considered and decided in the case of *The Governor, for the use of Thomas,* v. *Lagow,* 43 Ill. 134, which was an action against one of the sureties on this same bond. No points are made here that were not made in that case.

As we held in that case, so we hold in this, that the sureties in this bond are responsible for all defalcations of Ryan which occurred prior to the act of 1849, and that act did not suspend the right of action on the bond. Suit might have been brought upon it at any time, notwithstanding the extension of time after Ryan failed to burn and cancel the notes in his hands and report to the governor. For this breach the liability of the sureties had attached, and it was in no degree enlarged by that act. For breaches occurring after the extension of time the sureties are not liable.

The defendant had judgment on demurrer in bar of the action, while it appears the first breach in the declaration was not answered. The fifth and sixth pleas only purported to answer the second and third breaches. The first breach that the notes and certificates were not burned and canceled, and a report thereof made to the Governor, and of the moneys in Ryan's hands, not having been answered by plea, the plaintiff was entitled to a judgment on that breach, and to

have his damages assessed, for that breach is alleged to have occurred prior to the act of 1849. Those damages would be the value of those notes and certificates, and such damage as was occasioned by the neglect to report, and the failure to pay over the moneys in Ryan's possession.

Without going over the ground traversed in the case referred to, the judgment in this case must be reversed and the cause remanded, with leave to either party to amend their pleadings, and for further proceedings consistent with this opinion.

*Judgment reversed.*